CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 18 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE

| | |
|---|---|
| ALEXANDER MCKENZIE, PLAINTIFF, | CASE No. 7:20-cv-509 |
| v. | HONORABLE JOEL C. HOPPE |
| BRADBURN, et al., DEFENDANTS, | |

## COMPLAINT WITH JURY DEMAND

### Introduction

THIS IS A CIVIL RIGHTS ACTION FILED BY ALEXANDER MCKENZIE, A PREVIOUS FEDERAL PRISONER, FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. §1983, ALLEGING EXCESSIVE USE OF FORCE AND DENIAL OF MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONFINEMENT IN SEGREGATION IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION. THE PLAINTIFF ALSO ALLEGES THE TORTS OF ASSAULT AND BATTERY AND NEGLIGENCE.

### JURISDICTION

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §§ 1331(1) AND 1343.

1.

(2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28 U.S.C. § 1367.

## PARTIES

(3. THE PLAINTIFF, ALEXANDER MCKENZIE, WAS INCARCERATED AT USP LEE COUNTY DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

(4. DEFENDANTS R. BRADBURN, M.L. BALL, AND J. TESTERMAN ARE CORRECTIONAL OFFICERS EMPLOYED AT USP LEE COUNTY. THEY ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

(5. DEFENDANTS ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

(6. ALL THE DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT, UNDER COLOR OF FEDERAL LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## FACTS

(7. ON APRIL 8, 2020, WHILE CONDUCTING A "COUNT" AT 9 P.M. M.L. BALL (DEFENDANT) AND R. BRADBURN (DEFENDANT) WALKED BY MCKENZIES' CELL DOOR. MCKENZIE AND HIS CELLMATE HASAN ALI, WERE BOTH STANDING FOR COUNT. ABOUT FIFTEEN SECONDS LATER R. BRADBURN CAME BACK TO THEIR CELL DOOR AND ASKED "WHAT DID YOU SAY"? " ALI AND MCKENZIE WERE ENGAGED IN A PERSONAL ONE-ON-ONE CONVERSATION THAT DID NOT INVOLVE

2.

9) McKenzie and Ali both submit to handcuffs behind our backs. Staff placed Ali back in the cell and escorted McKenzie to the H Unit landing, instead of the corridor/tunnel.

10.) While nine staff members had McKenzie surrounded, R. Bradburn attacked plaintiff from behind and knocked McKenzie to the grated platform.

11) That is how the deep cut/laceration/injury to the knee came about.

12) While down on the left knee, McKenzie turned and asked "What are you doing!?". Bradburn shouted "Shut the fuck up!"

13) Bradburn then placed McKenzie in a rear naked choke hold that rendered McKenzie unconcious.

14) When McKenzie finally came concious, M.L. Ball, J. Testerman, and R. Bradburn were punching McKenzie all over his body.

15) At the same time McKenzie, while face down, then realized that he was bleeding profusely from his face.

Pg. 3

16) After several minutes of beating on the plaintiff by the defendants, staff then placed McKenzie in the restraint chair.

17) Staff, especially Bradburn, escorted McKenzie to the SHU down the elevator, through the corridor to the Special Housing Unit.

18) During the escort Bradburn was forcibly shoving McKenzie's head down and chin into his chest at an awkward angle causing pain that still lingers.

THE STAFF (DEFENDANTS).

8. HASAN ALI AND McKENZIE BOTH ANSWERED THAT "WE DIDN'T SAY ANYTHING." TEN MINUTES LATER BRADBURN, TESTERMAN, AND BALL RETURN TO THE CELL DOOR WITH SIX MORE CORRECTIONAL OFFICERS.

9. McKENZIE AND ALI BOTH SUBMIT TO HANDCUFFS BEHIND OUR BACKS. STAFF PLACED ALI BACK IN THE CELL AND ESCORTED McKENZIE TO THE H UNIT LANDING, INSTEAD OF THE CORRIDOR/TUNNEL.

10. WHILE NINE STAFF MEMBERS HAD McKENZIE SURROUNDED, R. BRADBURN ATTACKED PLAINTIFF FROM BEHIND AND KNOCKED McKENZIE TO THE GRATED PLATFORM.

11. THAT IS HOW THE DEEP CUT/LACERATION/INJURY TO THE KNEE CAME ABOUT.

12. WHILE DOWN ON THE LEFT KNEE, McKENZIE TURNED AND ASKED "WHAT ARE YOU DOING!?". BRADBURN SHOUTED "SHUT THE FUCK UP!"

13. BRADBURN THEN PLACED McKENZIE IN A REAR NAKED CHOKE HOLD THAT RENDERED McKENZIE UNCONCIOUS.

14. WHEN McKENZIE FINALLY CAME CONCIOUS, M.L. BALL, J. TESTERMAN, AND R. BRADBURN WERE PUNCHING McKENZIE ALL OVER HIS BODY.

15. AT THE SAME TIME McKENZIE, WHILE FACE DOWN, THEN REALIZED THAT HE WAS BLEEDING PROFUSELY FROM HIS FACE.

3.

(16. After several minutes of beating on the plaintiff by the defendants, staff then placed McKenzie in the restraint chair.

(17. Staff, especially Bradburn, escorted McKenzie to the SHU down the elevator, through the corridor to the Special Housing Unit.

(18. During the escort Bradburn was forcibly shoving McKenzie's head down and chin into his chest at an awkward angle causing pain that still lingers.

(19. Once in the SHU, staff released McKenzie from the ProStryker chair and while McKenzie was still handcuffed behind his back, placed on the floor where staff commenced to beating, punching McKenzie once more.

(20. During this second beating, R. Bradburn held McKenzies' head down and cut two rows of braids out of McKenzies' head, from his hair.

(21. Then Bradburn spread McKenzie's legs and kicked him in the genitals with steel-toed boots.

(22. When Bradburn and the rest of the staff showed up at the cell door housing Ali and McKenzie and demanded that the plaintiff "Cuff-up", McKenzie asked "for what?". To whence Bradburn responded "So we can fuck you up!". Which is

4.

EXACTLY WHAT BRADBURN DID.

(23. WHILE IN THE SHU MCKENZIE ASKED SEVERAL MED-ICAL STAFF TO EXAMINE MY THROAT BECAUSE OF CONTINOUS PAIN FROM BRADBURN CRUSHING MY VOICE BOX DURING THE CHOKE HOLD.

(24. MEDICAL STAFF REFUSED TO EXAMINE PLAINTIFF.

## MISUSE OF FORCE

(25. DEFENDANTS, BY THE DIRECTION OF BRADBURN, INIATED A SCHEME TO HURT, MAIME, AND ABUSE PLAINTIFF.

(26. DEFENDANTS CONSPIRED TO VIOLATE PLAINTIFFS CIVIL RIGHTS (18 U.S.C. § 242).

## DENIAL OF DUE PROCESS

(27. ON APRIL 9, 2020, THE PLAINTIFF WAS PLACED IN PUNI-TIVE SEGREGATION.

(28. ON APRIL 9, 2020, THE PLAINTIFF WAS SERVED WITH DIS-CIPLINARY CHARGES FOR ATTEMPTED ASSAULT ON STAFF, THREATENING STAFF, AND REFUSING A DIRECT ORDER, BASED ON THE ABOVE-DESCRIBED EVENTS.

(29. THE PLAINTIFF REQUESTED THAT THE HEARING OFFICER CALL AS WITNESS HASSAN ALI, WHO WAS THE PLAINTIFFS' CELLMATE, AND THE INMATES HOUSED ON EITHER SIDE OF MR. MCKENZIE, WHO HAD BEEN IN A POSITION TO SEE AND

5.

(30. HEAR PARTS OF THE INCIDENT ON WHICH THE CHARGES WERE BASED.

(31. THE PLAINTIFF DID NOT KNOW THE NAMES OF THESE OTHER WITNESSES, BUT HE PROVIDED THEIR CELL LOCATIONS.

(32. THE HEARING OFFICER FAILED TO CALL ANY OF THE WITNESSES REQUESTED BY THE PLAINTIFF, STATING THAT HE WAS NOT GOING TO CALL WITNESSES FROM GENERAL POPULATION TO A HEARING INVOLVING A SEGREGATION INMATE AND THAT THE STAFF REPORTS GAVE A FULL PICTURE OF THE INCIDENT.

(33. DURING THE HEARING, THE HEARING OFFICER TOLD THE PLAINTIFF THAT HE WAS FOUND GUILTY BASED ON STAFF STATEMENTS, AND SENTENCED THE PLAINTIFF TO SIXTY-EIGHT DAYS' LOSS OF GOOD TIME, TWELVE MONTHS' LOSS OF PRIVILEGES.

(34. THE DISCIPLINARY HEARING OFFICER NEVER PROVIDED THE PLAINTIFF WITH THE REPORT THAT IS REQUIRED FOR APPEAL PROCESS.

## DENIAL OF MEDICAL CARE

(35. ON SEVERAL OCCASIONS WHILE IN THE SHU PLAINTIFF SUBMITTED SICK-CALL REQUEST FOR AN APPOINTMENT FOR X-RAY AND EXAMINATION OF HIS THROAT.

(36. FROM THE DATE OF APRIL 18, 2020 TO OCTOBER 1, 2020 THE PLAINTIFF HAD RECEIVED NO RESPONSE FROM THE MED-

6.

ICAL DEPARTMENT.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

(37. THE PLAINTIFF HAS ATTEMPTED TO EXHAUST ADMINISTRATIVE REMEDIES BY SUBMITTING A BP-8 TO HIS ASSIGNED COUNSELOR (CALTON).

(38. COUNSELOR CALTON CONFIRMED THAT PROCEDURE, AND USP LEE COUNTY PROTOCOL FOR BP-8's SUBMITTED BY PRISONERS ALLEGING STAFF ABUSE IRE FORWARDED TO SIA CANFIELD FOR INVESTIGATION.

(39. SIA CANFIELD DID NOT RESPOND TO BP-8 NOR NOTIFY THE PLAINTIFF OF THE REMEDIES STATUS.

(40. THE ADMINISTRATIVE REMEDY FORM BP-8 DOCUMENTED NUMBER FOR FILING WAS LWC-115-20.

(41. AS AN ATTEMPT TO SHOW AND PROVE TO THE COURT THAT PLAINTIFF ATTEMPTED TO EXHAUST REMEDIES THROUGH THE PRISON STAFF, PLAINTIFF FILED NOTICE TO THE COURT THAT EXHAUSTION OF ADMINISTRATIVE REMEDY WAS ATTEMPTED ON SEPTEMBER 2, 2020.

(42. SIA CANFIELD HAS NOT MADE AVAILABLE THE ADMINISTRATIVE REMEDY PROCESS TO THE PLAINTIFF BY REFUSING TO PROCESS THE BP-8 FORM AND FURTHER DENIAL OF EVER RECIEVING THE ACTUAL FORM BY CLAIMING THE PLAINTIFF DID NOT FILE A FORM.

## CLAIMS FOR RELIEF

7.

(42. THE ACTIONS OF DEFENDANTS R. BRADBURN, M.L. BALL AND J. TESTERMAN IN USING FORCE PHYSICALLY AGAINST THE PLAINTIFF WITHOUT NEED OR PROVOCATION, OR IN FAILING TO INTERVENE TO PREVENT THE MISUSE OF FORCE, WERE DONE MALICIOUSLY AND SADISTICALLY AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

(44. THE ACTIONS OF DEFENDANTS R. BRADBURN, J. TESTERMAN AND OTHERS IN USING PHYSICAL FORCE AGAINST THE PLAINTIFF WITHOUT NEED OR PROVOCATION CONSTITUTED THE TORT OF ASSAULT AND BATTERY UNDER THE LAW OF VIRGINIA.

(45. PURSUANT TO THE FIFTH AMENDMENT OF THE BILL OF RIGHTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, WHICH GARUNTEE THE PLAINTIFF THE RIGHT TO DUE PROCESS OF THE LAW, HAS BEEN VIOLATED BY THE DEFENDANTS FOR APPLYING AND ISSUING PHYSICAL HARM TO THE PLAINTIFFS PERSON IN BRUTAL FASHION, THUS IMPLEMENTING CRUEL AND UNUSUAL PUNISHMENT.

(46. PURSUANT TO THE EIGTH AMENDMENT OF THE BILL OF RIGHTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, WHICH GARUNTEE THE PLAINTIFF THE RIGHT TO ~~____~~ BE ~~____~~ FREE FROM CRUEL AND UNUSUAL PUNISHMENT FROM PHYSICAL ATTACK BY DEFENDANTS WHILE PETITIONER IS ALREADY RESTRAINED IN HANDCUFFS BEHIND HIS BACK IN A HELPLESS/DEFENSELESS POSITION.

(47. PURSUANT TO THE FOURTEENTH AMENDMENT OF THE

8.

United States of America, which garuntee the Plaintiff the Right to Equal Protection of Law, Plaintiff has been violated by Defendants who, acting under Color of Law, did knowingly and willingly deny the Plaintiff the Right to Equal Protection of Law by Assaulting Plaintiff.

(48. Pursuant to the Fifth Amendment of the Constitution, Defendants manufactured false incident reports in order to implement assault and violence upon the petitioner, thus violating the Due Process of Law Clause, in conjuction to also violate the Eigth Amendment of the Constitution by initiating and applying Cruel and Unusual Punishment by attacking, choking, beating, torturing, and causing substantial Harm and Injury to the Petitioner, in which petitioner had to be subjected to receive emergency medical treatment.

## Relief Requested

((oo))

Wherefore, plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiffs by Defendants R. Bradburn, J. Testerman, and M.L. Ball violated the

9.

1. PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTED AN ASSAULT AND BATTERY UNDER STATE LAW.

2. THAT DEFENDANTS VIOLATED THE PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT BY KNOWINGLY AND WILLINGLY DENY PLAINTIFF'S EQUAL PROTECTION OF THE LAW, BY VIOLATING PETITIONERS' FIFTH AND EIGHTH AMENDMENT RIGHTS.

B. ISSUE AN INJUCTION ORDERING DEFENDANTS AND/OR AGENTS OF THE B.O.P. TO:

1. THE UNITED STATES DEPARTMENT OF JUSTICE DIRECTING TO PROVIDE PROTECTION FOR ALL THE PRISONERS FROM ACTS OF PHYSICAL ASSAULT AND ACTS OF RETALIATION BY ALL CUSTODY STAFF, INCLUDING BUT NOT LIMITED TO: BEATINGS, TORTURE AND ASSAULTING OTHER PRISONERS; FROM USING THE GUISE OF FALSIFYING INCIDENT REPORTS TO JUSTIFY UNJUST PHYSICAL HARM.

2. DEFENDANTS REPRIMANDED, PENALIZED, AND TERMINATED FROM EMPLOYMENT.

C. ISSUE AN INJUCTION ORDERING THE B.O.P. (BUREAU OF PRISONS) TO:

1. EXPUNGE THE DISCIPLINARY CONVICTIONS DESCRIBED IN THIS COMPLAINT FROM THE PLAINTIFF'S INSTITUTIONAL RECORD.

D. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1. $250,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS

10.

R. BRADBURN, J. TESTERMAN, M.L. BALL FOR THE PHYSICAL AND EMOTIONAL INJURIES SUSTAINED AS A RESULT OF THE PLAINTIFF'S BEATING.

E. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

1. $25,000 EACH AGAINST DEFENDANTS R. BRADBURN, J. TESTERMAN, M.L. BALL.

NOVEMBER 17, 2020

RESPECTFULLY SUBMITTED,

ALEXANDER MCKENZIE: 0493629
1245 CAMP Rd.
SALISBURY, NC 28147

11.

